IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-01945-PAB-NRN

BRENDA GEIGER,
CORA SKINNER, and
EMILY SCOTT,

      Plaintiffs,

v.

JEAN GRANBERRY, INC., d/b/a/ La Pachanga Nightclub, and
GERMAN RAMIREZ,

      Defendants.

---

**ORDER**

---

This matter comes before the Court on Plaintiffs' Motion to Approve Consent Judgment [Docket No. 43]. On June 23, 2025, plaintiffs filed suit in this case. Docket No. 1. On July 28, 2026, plaintiffs filed a motion indicating that they have reached a settlement with defendant Jean Granberry, Inc. d/b/a La Pachanga Nightclub ("La Pachanga"). Docket No. 43. Plaintiffs request that the Court enter a consent judgment, upon which plaintiffs state "the parties will dismiss all claims pending before the Court." *Id.* at 1. While the Court appreciates the parties' resolution of this dispute, plaintiffs do not explain why it is appropriate for the Court to enter a consent judgment as opposed to the parties voluntarily dismissing this action after having reached a written settlement agreement, the breach of which could be the subject of an independent lawsuit.

A "judgment cannot just be stipulated by the parties." *Metro. Life Ins. Co. v. Hanni*, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017). "Rather, it may be

requested and granted by the Court if it is consistent with the law, does not harm third parties, and is an appropriate use of judicial resources." *Id.* (citing *Kasper v. Bd. of Election Comm'rs of the City of Chicago*, 814 F.2d 332, 338 (7th Cir. 1987)). "The parties' mere desire to have the Court enforce their settlement agreement is insufficient because 'a federal court is more than a "recorder of contracts" from whom private parties may purchase injunctions.'" *Id.* (quoting *Local No. 93, Int'l Ass'n of Firefighters, AFL–CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986)); *see also Branch Banking & Tr. Co. v. Mellow Mushroom Three Peat, Inc.*, 2020 WL 532256, at *3 (N.D. Tex. Feb. 3, 2020) ("the authority to enforce a settlement agreement does not automatically empower a court to enter a consent judgment based on that settlement agreement" (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 268 (5th Cir. 1995)).

Plaintiffs' motion provides no explanation as to why the Court should retain jurisdiction over this case by entering the proposed consent judgment. *See generally* Docket No. 43. "Unlike a stipulated dismissal, which parties may take as of right, litigants wishing the court to issue a consent judgment must argue why the judgment should issue, and cannot expect the court unreflectively to endorse their agreement with the full authority of the federal judiciary." *United States for use of Tri–City Elec. Co. of Iowa v. Alacran/O & SJV, LLC*, 2014 WL 5473138, at *3 (C.D. Ill. Oct. 29, 2014); *Metro. Life Ins.*, 2017 WL 6805318, at *2 ("The parties have not provided reasons why a consent judgment is more appropriate in this case than would be a stipulated dismissal, and no reason why a consent judgment would be an appropriate commitment of the court's limited resources." (quotation and citation omitted)). Under the Court's practice

standards, "[e]xcept in extraordinary circumstances, the court will not retain jurisdiction

. . . over cases that have been settled. . . .  Any motion or stipulation for dismissal

requesting that the court retain jurisdiction after dismissal shall explain in detail the

extraordinary circumstances necessitating such an approach."  *See* Practice Standards

(Civil cases), Judge Philip A. Brimmer, § I.H.5.  Plaintiffs make no argument as to why

the Court should retain jurisdiction over this case.

Therefore, it is

**ORDERED** that Plaintiffs' Motion to Approve Consent Judgment [Docket No. 43]

is **DENIED without prejudice**.

DATED August 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

3